UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DHEERA LIMITED COMPANY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-1301-X |
| | § | |
| JOHNSON CONTROLS INC and | § | |
| TRAVELERS INDEMNITY | § | |
| COMPANY, | § | |
| | § | |
| *Defendants.* | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Johnson Controls Inc.'s ("JCI") motion to dismiss and compel arbitration. (Doc. 22). Having carefully considered the parties' arguments and the applicable caselaw, the Court **GRANTS IN PART** JCI's motion to dismiss and compel arbitration. (Doc. 22). The Court **ORDERS** the parties to arbitration and **STAYS** the case until arbitration is complete, but the Court does not dismiss the case.

## I. Background

Plaintiff Dheera Limited Company hired JCI to install HVAC roof top units at plaintiff's 1303 W. Walnut Hill Lane Irving, Texas 75038 property.[1] Dheera alleges that JCI improperly installed the units and caused damage to the roofing membrane at the property, which resulted in substantial water damage.[2] Dheera filed a claim

---

[1] Doc. 18 at 2–3.

[2] *Id.*

1

with its insurer, Defendant Travelers Indemnity Company, which it denied.[3]  Dheera sued JCI and Travelers in state court.[4]  The defendants removed the action to this Court.[5]  JCI then filed a motion to dismiss the action.[6]  Dheera filed an amended complaint,[7] and JCI filed the motion to dismiss and compel arbitration presently before the Court.[8]  The Court found that the amended complaint rendered JCI's first motion to dismiss moot.[9]

In the motion to dismiss and compel arbitration presently before the Court, JCI contends that the contract that forms the basis for this lawsuit contains an arbitration clause requiring the parties to arbitrate this dispute.[10]  It also contends that it did not waive its right to arbitrate and that the arbitrator should determine the scope of the arbitration agreement.[11]  Dheera responds that JCI waived its right to arbitrate through its litigation-conduct.[12]  Travelers also filed a response noting that there is no contract between JCI and Travelers, and thus, Travelers is not subject to arbitration.[13]  JCI explained that it did not intend to compel Travelers to arbitrate; rather, JCI asks that the case be stayed even as to Travelers pending arbitration

---

[3] *Id.* at 3–5.

[4] Doc. 1-6.

[5] Doc. 1.

[7] Doc. 18.

[7] Doc. 18.

[8] Doc. 22.

[10] Doc. 23 at 7–14.

[10] Doc. 23 at 7–14.

[11] *Id.* at 11–13.

[12] Doc. 27 at 9–14.

[13] Doc. 25.

between Dheera and JCI.[14]  Travelers asks this Court to allow the parties to conduct discovery before staying the case and submitting it to arbitration.[15]  JCI's motion is ripe for this Court's review.

## II. Legal Standard

The Federal Arbitration Act requires district courts to compel arbitration if they determine that there is a valid arbitration agreement encompassing the issues in dispute.[16]  To determine whether the parties agreed to arbitrate the dispute, a court must consider: (1) whether there is a valid agreement to arbitrate between the parties, and (2) whether the dispute in question falls within the scope of that arbitration agreement.[17]  The question of whether there is a valid arbitration agreement is determined by traditional state contract principles.[18]  And the right to arbitrate a dispute, like all contract rights, is subject to waiver.[19]  There is a strong presumption against finding a waiver of arbitration, and the party asserting waiver carries a heavy burden of proof.[20]  For waiver purposes, courts must evaluate whether a party substantially invoked the judicial process.[21]  The party must have taken acts

---

[14] Doc. 32.

[15] Doc. 36.

[16] 9 U.S.C. § 3.

[17] *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019).

[18] *Id.*

[19] *Forby v. One Technologies, L.P.*, 909 F.3d 780, 783 (5th Cir. 2018).

[20] *In re Mirant Corp.*, 613 F.3d 584, 588 (5th Cir. 2010) (cleaned up).

[21] *Forby*, 909 F.3d at 783–84; *and see Morgan v. Sundance*, 596 U.S. 411, 419 (2022) (holding that waiver does not include a prejudice requirement but instead focuses on whether the party seeking to compel arbitration acted inconsistently with its right to arbitrate).

in the lawsuit sufficiently demonstrating a desire to resolve the arbitrable dispute through litigation rather than arbitration.[22]

## III. Analysis

As a threshold issue, the Fifth Circuit instructs district courts to first resolve disputes concerning the existence of an agreement because such disputes cannot be resolved by an arbitrator.[23]   Here, although not mentioned in its response brief, Dheera alleges in its complaint that the contract is not binding because JCI never signed it.[24]   But there is a written agreement, negotiated and assented to by both parties, and both parties performed under the contract.[25]   Under Texas law,

> a contract need not be signed to be executed unless the parties explicitly require signatures as a condition of mutual assent.  If a written draft of an agreement is prepared, submitted to both parties, and each of them expresses his unconditional assent thereto, there is a written contract . . . .  [I]f there is a writing, there need be no signatures unless the parties have made them necessary at the time they express their assent and as a condition modifying that assent . . . .  An unsigned agreement all the terms of which are embodied in a writing, unconditionally assented to by both parties, is a written contract . . . .[26]

Here, the parties negotiated the contract and assented to its terms, as Dheera repeatedly acknowledges, Dheera signed JCI's written proposal, and JCI performed under the contract.[27]   Dheera's assent is bolstered by the fact that (1) Dheera brought

---

[22] *In re Mirant Corp.*, 613 F.3d at 589.

[23] *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 219 (5th Cir. 2003).

[24] Doc. 18 at 6.

[25] *See* Doc. 18.

[26] *Mid-Continent Cas. Co. v. Glob. Enercom Mgmt., Inc.*, 323 S.W.3d 151, 157 (Tex. 2010) (cleaned up).

[27] *See* Doc. 18.

claims under a breach-of-contract theory and attached the written agreement as an exhibit in support of its claim, (2) explained that the parties contracted for the sale and installation of the roof top units (which is memorialized in the written contract), and (3) although not required, Dheera's signature on the contract is further evidence of its assent.[28]  Likewise, JCI's assent to the written agreement is equally clear.  Not only did JCI draft the written agreement and submit it to Dheera, but it also performed under the contract.[29]  Performance of the contract is assent to the agreement.[30]  Therefore, there is a written contract that both parties assented to, and it is valid, enforceable, and binding, regardless of whether JCI signed it.

### A. Arbitration Clause

Because the Court determines that the written contract exists, it now turns to the questions concerning the validity of the arbitration provision, scope, and waiver. First, in determining whether parties have agreed to arbitrate a dispute, courts are to consider (1) whether there is a valid agreement to arbitrate between the parties and (2) whether the dispute falls into the scope of the arbitration agreement.[31]

Here, there is an agreement to arbitrate in the contract: "All disputes involving more than $15,000 shall be resolved by arbitration in accordance with the rules of the American Arbitration Association."[32]  The parties also do not dispute that there is a

---

[28] *Id.*

[29] *Id.*

[30] *Mid-Continent Cas. Co.*, 323 S.W.3d at 157.

[31] *Will-Drill Res., Inc.*, 352 F.3d at 214.

[32] Doc. 18-1 at 10.

valid arbitration agreement, although Dheera asserts that it is unenforceable.[33]  In support of this argument, Dheera claims that because the contract states "[b]y accepting this proposal, Purchaser agrees to be bound by the following terms and conditions[,]" and "[n]o change or modification of any of the terms and conditions stated herein shall be binding upon Johnson unless accepted by Johnson in writing[,] it lacks mutuality and is unconscionable.[34]  But as Dheera's complaint alleges, it negotiated the purchase and installation of the roof top units with JCI and entered into a contract with JCI that required JCI to sell the units to Dheera and install the units at Dheera's property.[35]  In return, Dheera contracted to pay JCI for the materials and work performed.[36]  Furthermore, JCI may not unilaterally amend its terms, as Dheera suggests.  Instead, the provision requiring JCI to accept any changes in writing prevents Dheera from unilaterally modifying the contract without JCI's agreement, so it simply reinforces the requirement of mutuality.[37]  Dheera fails to identify how the contract lacks mutuality or is unconscionable, and importantly, it does not explain why the arbitration provision itself is unconscionable.  And upon careful review, there is no indication to the Court that the agreement lacks mutuality or is unconscionable—the parties negotiated the agreement and entered into a contract that requires both sides to perform, and it is clear that the terms and

---

[33] Doc. 27 at 14–15.

[34] *Id.*

[35] Doc. 18 at 5–6.

[36] *See* Docs. 18-1, 18-2.

[37] Doc. 18-1 at 11.

conditions apply to both parties.  Therefore, the Court concludes that there is a valid agreement to arbitrate.

Regarding whether this dispute is within the scope of the arbitration provision, Dheera contends that the Court must resolve scope questions while JCI contends that the arbitrator should determine arbitrability.  "[T]he question of whether a party can be compelled to arbitrate, as well as the question of what issues a party can be compelled to arbitrate, is an issue for the court rather than the arbitrator to decide."[38]   The Fifth Circuit distinguishes between broad and narrow arbitration clauses.  "Broad arbitration clauses . . . embrace all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute."[39] And it has expressly determined that "arbitration clauses containing the 'any dispute' language . . . are of the broad type."[40]   Here, the arbitration provision says "[a]ll disputes involving more than $15,000 shall be resolved by arbitration[.]"  This "all disputes" language is quintessentially broad.  And no party argues that this case involves less than $15,000.  In fact, Dheera's original complaint alleged that this case concerned over $1,000,000,[41] the contract at issue here involved over $92,000,[42] and Dheera alleges that JCI received information explaining that the cost to repair

---

[38] *Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1066 (5th Cir. 1998).

[39] *Id.* at 1067.

[40] *Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993).

[41] Doc. 1-6 at 2.

[42] Docs. 18-1, 18-2.

the damaged property exceeded $750,000.[43]  Therefore, because the contract here has a broad arbitration provision encompassing "all disputes," and the case involves well over the dollar amount specified in the clause, the Court concludes that this case is within the scope of the arbitration provision.

## B. Waiver

Additionally, JCI has not waived its right to arbitrate.  The question is whether JCI has substantially invoked the judicial process, and it is Dheera's heavy burden to prove that JCI has.[44]  Dheera contends that JCI knew of its claim for two years and made no mention of its right to arbitrate until filing the present motion to compel.[45]  Dheera also argues that JCI already filed a motion to dismiss Dheera's complaint on the merits, which automatically constitutes a waiver of the right to arbitrate under Fifth Circuit precedent.[46]  In *Forby*, the Fifth Circuit explained that the defendant's action of moving to dismiss demonstrated a desire to resolve the dispute in litigation, not arbitration.[47]  There, the defendant was fully aware of the right to arbitrate, and instead filed a 12(b)(6) motion to dismiss, obtained a partial dismissal with prejudice of the plaintiff's claims, and then moved to compel arbitration.[48]  But the Court distinguished that case from cases where, as here, "the party seeking arbitration did not wait for the court's merit ruling—and thus get a

---

[43] Doc. 18 at 4.

[44] *In re Mirant Corp.*, 613 F.3d at 588.

[45] Doc. 27 at 11.

[46] *Id.* at 10–13.

[47] *Forby*, 909 F.3d at 784.

[48] *Id.*

sense of the court's view of the case—before moving to compel arbitration."[49]  Here, JCI filed a motion to dismiss, and Dheera subsequently filed an amended complaint.[50] The Court has not issued any substantive orders at all in this case.  JCI then filed the present motion to dismiss and compel arbitration.[51]  And the Court subsequently determined that Dheera's amended complaint and this motion rendered the earlier motion to dismiss moot.[52]  Thus, JCI did not wait for a merits ruling or get a sense of the Court's view of the case before moving to compel arbitration.  A moot motion to dismiss, filed less than a month after Dheera filed suit, is simply insufficient to prove that JCI *substantially* invoked the judicial process, and the pre-lawsuit failure to engage in arbitration is likewise insufficient.  Plaintiff's argument that the Fifth Circuit employs a bright-line rule requiring district courts to find that any motion to dismiss the case with prejudice automatically renders an arbitration clause waived, whether or not the Court rules on the merits of that motion,[53] is inconsistent with the Court's explanation in *Forby*.  And in fact, the Fifth Circuit has explained that "a bright-line rule is inappropriate for deciding whether a party has waived its right to arbitration."[54]  Instead, it is a fact-dependent inquiry.[55]  And JCI's actions in this case

---

[49] *Id.*

[50] Docs. 14, 18.

[51] Doc. 22.

[52] Doc. 35.

[53] Doc. 40 at 3–4.

[54] *In re Mirant Corp.*, 613 F.3d at 589.

[55] *Id.*

are relatively limited.  Therefore, the Court concludes that JCI has not waived its right to arbitrate.

## C. Travelers

To summarize, the Court concludes that the written contract is enforceable, it contains a valid arbitration provision, which has not been waived, and this case is within the scope of that provision.  That said, there is no agreement to arbitrate between JCI and co-defendant, Travelers.  JCI argues that a stay of these proceedings in their entirety is mandatory because the claims against Travelers and JCI involve the same operative facts, are inherently inseparable, and continued litigation would negatively affect arbitration between Dheera and JCI.  Specifically, JCI contends that although there are no cross claims between JCI and Travelers, part of Travelers' defense is to blame JCI.  Travelers responds that the dispute between itself and Dheera is an insurance dispute that involves a different contract and different relief altogether.  Travelers proposes that the Court allow litigation to proceed through discovery and then abate this litigation until arbitration concludes through a discretionary stay.  According to Travelers, it would be unfairly prejudiced if it had to wait to conduct discovery until after the arbitration between JCI and Dheera concluded because witnesses and evidence would go stale.  But a full stay of these proceedings is mandatory under the Federal Arbitration Act.[56]  And even if it were within this Court's discretion, it is in the interest of judicial economy to stay the case entirely while the parties arbitrate.  To conclude otherwise would defeat the parties'

---

[56] *Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d at 754.

contractual intent and could negatively impact the outcome of the arbitration proceedings.  The Court declines to do so.

### IV. Conclusion

For the reasons explained above, the Court **GRANTS IN PART** JCI's motion to dismiss and compel arbitration.  (Doc. 22).  The Court **ORDERS** the parties to arbitration and **STAYS** the case until arbitration is complete, but the Court does not dismiss the case.  The parties should request to lift the stay once arbitration is complete.  Any party seeking dismissal at that time may file a motion with the Court.

**IT IS SO ORDERED** this 3rd day of January, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

11